UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES,

v.

DECISION AND ORDER
11-CR–78

MASHAMA J. HILL,
               Defendant.

Defendant is charged in a one-count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2)(5). (Dkt. No. 5) The charges arise from an incident at the Seneca Niagara Casino in Niagara Falls, New York, during which defendant became involved in an argument with other patrons and was found to be in possession of a firearm and ammunition. The case was referred to Magistrate Judge Jeremiah J. McCarthy for supervision of all pre-trial proceedings. Defendant has moved to suppress the physical evidence found in his possession on the basis that law enforcement "lacked reasonable suspicion to confront or probable cause to arrest him."[1] (Dkt. No. 38)

---

[1] The motion to suppress was initially made by defendant's prior counsel, David Addelman, Esq. After being fully apprised of the significance of his decision by the Magistrate Judge, defendant knowingly and voluntarily elected to proceed *pro se* on January 17, 2012. (Dkt. No. 58) Since that time, defendant has been representing himself *pro se*, with Mr. Addelman acting as defendant's standby counsel. Mr. Addelman has been present at all proceedings to advise defendant.

An evidentiary hearing was conducted before Magistrate Judge McCarthy. During the two day hearing, Tony Molino (a casino employee), New York State Police Investigator Paul Sortisio, and Special Agent Jason Bernhard from the Bureau of Alcohol, Tobacco, Firearms and Explosives testified on behalf of the Government. Defendant called, as witnesses, Randall Snopkowski (a casino employee), Edward Sturgeon (a casino shift security supervisor), and Eileen Litz (a casino patron).

On November 6, 2012, defendant moved to reopen the evidentiary hearing. (Dkt. No. 88) The basis of his motion appears to be that the Government committed prosecutorial misconduct since information about his prior felony convictions appeared in local newspapers. Defendant also claims that the Government caused certain witnesses to lie and withheld information that confirmed his verison of events on the night of his arrest. Defendant asked that the hearing be reopened "for the purpose of either deposing Assistant United States Attorney Melissa Marangola or placing her under oath on the stand, or, in the alternative, allow evidence in the transcript to be submitted." (Dkt. No. 88)

On December 26, 2012, Magistrate Judge McCarthy issued a Decision and Order denying defendant's motion to reopen the evidentiary hearing. (Dkt. No. 90). The Magistrate Judge concluded, *inter alia*, that the Government was entitled to present the defendant's prior felony conviction during the detention hearing, that the Government's conduct at the evidentiary hearing did not

2

prejudice defendant, that defendant had ample opportunity to cross-examine the Government witnesses, and that defendant waived his right to testify on his own behalf at the time of the evidentiary hearing. On January 24, 2013, defendant appealed, to this Court, the Magistrate Judge's Decision and Order denying his request to reopen the evidentiary hearing. (Dkt. No. 92)

Pursuant to 28 U.S.C. §636(b)(1)(A), the district court "may reconsider any pretrial matter under this subparagraph (A), where it has been shown that the magistrate's order is clearly erroneous or contrary to law." *Id*. The Court has carefully reviewed Magistrate Judge McCarthy's Decision and Order denying defendant's request to reopen the evidentiary hearing, as well as the appeal submitted by defendant. Upon such review, the Court finds that Magistrate Judge McCarthy's Decision and Order is neither clearly erroneous nor contrary to law. Accordingly, the Court affirms the Decision and Order in its entirety.

On February 15, 2013, Magistrate Judge McCarthy issued a Report, Recommendation and Order which, in relevant part, recommends that defendant's motion to suppress physical evidence be denied.[2] (Dkt. No. 95) On March 26, 2013, defendant filed objections to the Report and Recommendation. (Dkt. No. 98) The Government filed a response to defendant's objections on April

---

[2] The Report Recommendation and Order addressed a number of motions, including various requests for non-dispositive relief by defendant and the Government's cross-motion for reciprocal discovery. However, only the determination with respect to the motion to suppress physical evidence is relevant to the instant Decision and Order.

19, 2013 and the defendant filed a reply on May 21, 2013. (Dkt. Nos. 100, 104) Oral argument was held on June 19, 2013, at which time the Court considered the matter submitted.

In denying the motion to suppress, Magistrate Judge McCarthy found that there was reasonable suspicion for Investigator Sortisio to conduct an investigatory stop of defendant. Specifically, the Magistrate Judge credited the testimony of Sortisio as well as the civilian witnesses, which indicated that Sortisio was informed, in a face-to-face encounter with Molino, that a female patron complained that defendant threatened her and others with use of a firearm and threatened to shoot and rob the casino. In determining that the frisk of defendant was also reasonable, Magistrate Judge McCarthy credited Sortisio's testimony that defendant "stood-up" in a manner that made Sortisio uncomfortable and that defendant reached in his pocket as if he were trying to reach for or hand-off a weapon.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. The Court has carefully reviewed the submissions of the parties, including the detailed objections and reply submitted by defendant. The Court also carefully considered the salient factual and legal arguments made by defendant during his forty-five minute presentation at oral argument. In sum, defendant argues that the testimony offered by Molino and Sortisio is unreliable

4

and inconsistent with other evidence in the record, and that the information provided to Sortisio was not enough to satisfy the reasonable suspicion standard as to either the *Terry* stop or the frisk of defendant.

The Second Circuit has instructed that where a Magistrate Judge conducts an evidentiary hearing and makes credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility findings. *See Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008) ("[A] district judge should normally not reject a proposed finding of a magistrate judge that rests on a credibility finding without having the witness testify before the judge.") (quoting *Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999); *see also Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989) ("Had the district court rejected the magistrate's conclusions regarding the credibility of the central witnesses without hearing live testimony from those witnesses, troubling questions of constitutional due process would have been raised.") Here, the Court fully adopts the credibility and factual findings made by Magistrate Judge McCarthy. Upon *de novo* review, the Court also finds that Magistrate Judge McCarthy correctly determined, based upon the evidence submitted at the evidentiary hearing, that there was reasonable suspicion to stop and frisk defendant. The Court adopts the proposed findings of the Report and Recommendation in their entirety.

Accordingly, for the reasons set forth in Magistrate Judge McCarthy's Report Recommendation and Order, defendant's motion to suppress physical

evidence is denied.

The only pending motion remaining in this matter is defendant's "motion for an order of removal from present institution of confinement". (Dkt. Nos. 103, 105) The Government shall file a response to this motion by 5:00 pm on Wednesday July 24, 2013. The parties shall appear before this Court on Friday, July 26, 2013 at 10:00 am for oral argument on defendant's "motion for an order of removal from present institution of confinement" as well as a status conference and/or meeting to set trial date.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: July 19, 2013